# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CATHRYN GOVEREAU,

    Plaintiff,

v.

KENT L WELLISH, M.D., *et al.*,

    Defendants.

Case No. 2:12-CV-00805-KJD-VCF

**ORDER**

Before the Court is Defendants' Motion for Judgment on the Pleadings (#13). Plaintiff has filed an opposition (#14) and Defendant has replied (#15).

I. Background

Plaintiff was employed by Defendants until she quit in January, 2012. Plaintiff alleges that Defendants did not pay her lawful wages and has filed suit pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq*. (FLSA) and N.R.S § 608.005. Specifically, Plaintiff claims that she regularly worked in excess of 40 hours per week, but was not paid overtime.

In addition to her FLSA claims, Plaintiff asserts a claim for violation of Nevada's Deceptive Trade Practices Act, N.R.S. § 598 *et. seq.* ("NDTPA"). Defendants have moved for judgment on the pleadings on the NDTPA claim.

II Discussion

    A.  Legal Standard for Judgment on the Pleadings

Fed. R. Civ. P. 12(c) is "functionally identical" to Rule 12(b)(6), and the "same standard of review" applies to a motion brought under either rule. Cafasso v. General Dynamics C4 Systems,

Inc., 637 F.3d 1047, 1054 n.4 (9th Cir. 2011). Judgment on the pleadings or dismissal under Rule 12 is appropriate when, even if all material facts in the pleading under attack are true, the moving party is entitled to judgment as a matter of law. Hal Roach Studios, Inc. v. Ricard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir.1989).

To survive a motion of this type the claim must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). "Factual allegations must be enough to rise above the speculative level." Twombly, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (citation omitted).

In Iqbal, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. Id. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. Id. at 1949. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. Id. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id. at 1949. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." Id. (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. Twombly, 550 U.S. at 570.

### 2. NDTPA

Courts in this district have held that the elements of a NDTPA violation are as follows: (1) an act of consumer fraud by the defendant (2) causing plaintiff (3) damage. See Picus v. Wal–Mart Stores, Inc., 256 F.R.D. 652 (D.Nev.2009). N.R.S. § 598.0923(3), provides that "A person engages in a 'deceptive trade practice' when in the course of his business or occupation he knowingly: ... [v]iolates a state or federal statute or regulation relating to the sale or lease of goods or services." The NDTPA was enacted "primarily for the protection of consumers" Sobel v. Hertz Corp., 698 F.Supp.2d 1218, 1224 (D.Nev., 2010). It also provides protection for businesses against unfair competition. See Southern Service Corp. v. Excel Bldg. Services, Inc., 617 F.Supp.2d 1097, 1099 (D.Nev., 2007) (citing NRS 598.0953(1)). Courts in other jurisdictions have consistently held that deceptive trade practice laws do not apply to employment cases. See, e.g., Anderson v. Sara Lee Corp., 508 F.3d 181, 190 (4th Cir. 2007) (North Carolina deceptive trade practices act does not extend to employment disputes); Dobbins v. Scriptfleet, Inc., 2012 WL 601145, 4 (M.D.Fla. ,2012) (Florida's deceptive trade practices act does not apply where there is no consumer relationship between employee and employer).

Plaintiff argues that her unpaid wages claim gives rise to a cause of action under the NDTPA because "an employer hires the employee to assist him in the sale or lease of goods or services." Plaintiff's claim does not plausibly suggest that Defendants are liable under the NDTPA. To adopt Plaintiff's broad definition of "relating to the sale or lease of goods or services" would expand the NDTPA far beyond its intended scope. Plaintiff fails to cite a single case from this jurisdiction, or any of the numerous jurisdictions with similar deceptive trade practices acts, permitting an employee

3

to sue an employer under this theory.[1]  Accordingly, judgment on the pleadings for this claim is granted.

B.  Attorney's Fees

Defendants request attorney's fees pursuant to N.R.S. §18.010(2), for the cost of bringing this Motion.  Defendants argue that the NDTPA claim is groundless and led to a waste of judicial resources.  The Court declines to award fees in this case.  However, Plaintiff's counsel is cautioned that similar attempts to assert unsupported legal arguments will result in sanctions.

III. Conclusion

**IT IS HEREBY ORDERED** that Defendants' Motion for Judgment on the Pleadings (#13) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Claim under N.R.S. § 598 *et. seq.* is dismissed with prejudice.

DATED this ___19___ day of October 2012.

_____
Kent J. Dawson
United States District Judge

---

[1] Plaintiff cites <u>Garcia v. Interstate Plumbing & Air Conditioning, LLC</u>, 2011 WL 468439, *8 (D.Nev. ,2011). In <u>Garcia</u> Plaintiff's counsel represented a group of plaintiffs in a wage dispute.  Judge Jones granted judgment as a matter of law on a number of plaintiff's claims.  He also granted leave to amend to add a number of claims, including a NDTPA claim.  However, the pleadings in <u>Garcia</u> did not identify the facts on which the NDTPA claim would be based or address the merits of the claim.  Further, the plaintiff's request for leave to amend did not include a proposed amended complaint, and Judge Jones provided absolutely no analysis of the merits of an NDTPA claim.  This Court finds nothing persuasive in the fact that Judge Jones, applying the generous standards associated with amendment, allowed Plaintiff's counsel to amend the <u>Garcia</u> complaint to add this claim.